NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 25 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FEDERICO SANCHEZ-VELASQUEZ,
AKA Hugo Escobar,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    20-73701

Agency No. A201-177-379

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2023**

Before:    CLIFTON, R. NELSON, and BRESS, Circuit Judges.

Federico Sanchez-Velasquez, a native and citizen of Guatemala, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's ("IJ's") decision denying his applications

for asylum, withholding of removal, and protection under the Convention Against

---

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations.  *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020).  We review for substantial evidence the agency's factual findings.  *Id*. at 1241.  We review for abuse of discretion the BIA's denial of a motion to terminate. *Dominguez v. Barr*, 975 F.3d 725, 734 (9th Cir. 2020).  We deny the petition for review.

Because Sanchez-Velasquez does not contest the BIA's determinations that he did not challenge the IJ's determinations that asylum was time-barred, his past harm did not rise to the level of persecution, and a proposed particular social group based on resistance to recruitment was not cognizable, we do not address these issues.  *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).

The BIA did not err in concluding that Sanchez-Velasquez failed to establish membership in a cognizable particular social group based on being a returnee.  *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting

*Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Conde Quevedo*, 947 F.3d at 1243 (record lacked evidence of social distinction).

Thus, his asylum and withholding of removal claims fail.

Because Sanchez-Velasquez does not contest the BIA's determination that he did not challenge the IJ's denial of CAT protection, we do not address it. *See Lopez-Vasquez*, 706 F.3d at 1079-80.

The agency did not abuse its discretion in denying Sanchez-Velasquez's motion to terminate. *See United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188, 1193 (9th Cir. 2022) (en banc) (lack of hearing information in notice to appear does not deprive immigration court of subject matter jurisdiction, and 8 C.F.R. § 1003.14(a) is satisfied when later notice provides hearing information).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**

20-73701